UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KITCHEN #359930,

    Plaintiffs,                                    Hon. Janet T. Neff

v.                                                   Case No. 1:17-cv-371

DAVE LEACH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 56). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted in part and denied in part**.

Plaintiff initiated this action on April 24, 2017, against Dave Leach, Patricia Willard, and J. Daugherty, alleging that he was improperly being denied a diet which conformed to his religious beliefs. Plaintiff's claims against Willard and Daugherty were subsequently dismissed. On May 2, 2018, Defendant Leach served Plaintiff with a Notice of Deposition informing Plaintiff that he would be deposed on May 9, 2018. On May 7, 2018, Plaintiff filed motions to appoint counsel and to postpone his deposition. Two days later, when Defendant Leach appeared at the Ionia Correctional Facility to depose Plaintiff, the Court had not yet ruled on Plaintiff's motions. Citing his outstanding motions, Plaintiff refused to participate in the deposition. The Court subsequently denied Plaintiff's motions. On June 1, 2018, Defendant Leach submitted the present motion arguing that Plaintiff's remaining claims should be dismissed for his failure to participate in discovery. Defendant Leach

-1-

requests, in the alternative, that the Court order Plaintiff to participate in a deposition and, moreover, that Plaintiff be required to pay the cost for such.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders" including "dismissing the action or proceeding in whole or in part." When considering whether dismissal is an appropriate sanction, the Court considers the following factors: (1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; and (4) whether less drastic sanctions have been imposed or considered. *See Norris v. MK Holdings, Inc.*, - - - Fed. Appx. - - -, 2018 WL 2324256 at *6 (6th Cir., May 22, 2018).

In light of these factors, the Court does not believe that dismissal of Plaintiff's remaining claims is warranted. Plaintiff has indicated his willingness to participate in a deposition, but simply wanted his motions for counsel and postponement resolved first. While Plaintiff's refusal to participate in his deposition was not appropriate, it does not appear to have been the product of bad faith. The Court also fails to discern how Defendant will be prejudiced by a brief delay in taking Plaintiff's deposition. Finally, Plaintiff had not been formally warned that failure to participate in his deposition might result in the dismissal of his claims.

Accordingly, the undersigned recommends that Defendant's motion for summary judgment be denied. The undersigned further recommends that Defendant be permitted an additional period of time, as determined by the Honorable Janet T. Neff, to take Plaintiff's deposition. The undersigned further recommends that Defendant's motion for costs be denied as unjust under the circumstances. *See* Fed. R. Civ. P. 37(b)(2)(C). **Plaintiff is also expressly warned that if he again refuses, without good cause, to participate in his deposition, the undersigned will recommend**

**that Plaintiff's remaining claims be dismissed for refusal to participate in discovery and refusal to comply with the Court's orders**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: July 31, 2018

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge