UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIAM KITCHEN III #359930,

        Plaintiff,                          Hon. Janet T. Neff

v.                                      Case No. 1:17-cv-371

DAVE LEACH, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment.   (ECF No. 71).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's complaint.   (ECF No. 1). Plaintiff is Muslim and requested a Halal diet consistent with Islamic law.   Dave Leach, Special Activities Coordinator for the Michigan Department of Corrections (MDOC), authorized Plaintiff to participate in the MDOC's religious diet, a vegan diet without dairy or meat products.   The MDOC's religious diet, however, causes Plaintiff to experience gastrointestinal distress which interferes with his prayer rituals and disrupts the "purity and cleanliness" his faith mandates.

When Plaintiff informed Patricia Willard, the MDOC's Dietician, of his gastrointestinal distress, she responded that the vegan diet can cause intestinal side effects in persons unaccustomed to a high fiber diet.   Willard instructed Plaintiff to drink more water and exercise daily. Plaintiff was also provided over-the-counter medication.   The facility's Food Supervisor, J.

Daugherty, marked the styrofoam trays in which Plaintiff received his meals with the word "kosher" or the letter "k."   This incorrectly identified Plaintiff as a Jew in violation of Plaintiff's Muslim faith.

Plaintiff initiated the present action against Leach, Willard, and Daugherty seeking a declaration that Defendants violated: (1) his First Amendment right to freely practice his religion; (2) his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA); and (3) his Fourteenth Amendment right to the equal protection of the law.   On May 10, 2017, the Honorable Janet T. Neff dismissed all of Plaintiff's claims except for his claims against Defendants Willard and Leach that "the vegan menu causes [Plaintiff] gastro-intestinal distress such that it interferes with his religious practices" in violation of RLUIPA and the First Amendment.   (ECF No. 6).   Plaintiff's claims against Defendant Willard were subsequently dismissed for failure to exhaust administrative remedies.   (ECF No. 43).   Defendant Leach now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case."   *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial."   *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

-2-

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof  faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.   Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.        First Amendment

Plaintiff claims that the gastrointestinal distress he experiences as a result of the MDOC's vegan diet violates his First Amendment right to freely practice his religion.   As the Supreme Court has observed, "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." *Bell v. Wolfish*, 441 U.S. 520, 545 (1979); *see also, Turner v. Safley*, 482 U.S. 78, 84 (1987) ("[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution").   Thus, while "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates nevertheless retain the First Amendment protection to freely exercise their religion.   *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987).   To demonstrate that his right to freely practice his religion has been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon his practice or belief.   *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same).

At his deposition, Plaintiff conceded that the items which comprise the MDOC's vegan diet do not violate the tenets of his faith.   (ECF No. 72-2 at PageID.319-20).   Instead, Plaintiff's sole

-4-

complaint is that the vegan diet causes him to experience gastrointestinal distress which interferes with his religious activities.  (ECF No. 72-2 at PageID.319-20).  Plaintiff has failed, however, to present any evidence from which a reasonable juror could conclude that Plaintiff's alleged gastrointestinal distress is caused by the MDOC's vegan diet or any conduct by Defendant Leach.  In sum, Plaintiff cannot establish that Defendant's conduct prevents him from freely practicing his religion.  Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's First Amendment claim.

## II.        RLUIPA

Plaintiff claims that the gastrointestinal distress he experiences as a result of the MDOC's vegan diet violates his rights under RLUIPA.  RLUIPA prohibits any government from imposing a "substantial burden on the religious exercise" of a prisoner, unless such burden constitutes the least restrictive means of furthering a compelling governmental interest.  42 U.S.C. § 2000cc-1(a).  RLUIPA does not define the phrase "substantial burden."  Nonetheless, to come within the scope of RLUIPA the burden in question must render religious exercise "effectively impracticable." *Marshall v. Frank*, 2007 WL 1556872 at *5 (W.D. Wis., May 24, 2007) (quoting *Civil Liberties for Urban Believers v. City of Chicago*, 342 F.3d 752, 761 (7th Cir. 2003)); *see also*, *Cutter v. Wilkinson*, 544 U.S. 709, 720 (2005) (recognizing that RLUIPA's institutionalized persons provision was intended to alleviate only "exceptional" burdens on religious exercise).  Moreover, a burden is less than "substantial" where it imposes merely an "inconvenience on religious exercise." *See, e.g.,* *Konikov v. Orange County, Fla.*, 410 F.3d 1317, 1323 (11th Cir. 2005).

First, Plaintiff's allegations of gastrointestinal distress constitute nothing more than an inconvenience on Plaintiff's ability to exercise his faith.  Moreover, as discussed above, Plaintiff

cannot establish that the alleged interference with his religious practices was caused by Defendant. Accordingly, the undersigned recommends that Defendant is entitled to summary judgment as to Plaintiff's RLUIPA claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 71), be **granted** and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 31, 2019                          /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            U.S. Magistrate Judge

-6-